## L. Weinberg and A. L. Weinberg, Partners, Under the Name of Weinberg Bros., v. Frank Nessel.

1.    EVIDENCE—*Letters, When Not a Part of the Res Gestæ.*—When a consignor shipped goods to a consignee, and he reshipped them to Chicago, a letter written by the Chicago dealers to the consignee as to the condition of the goods, is not admissible in an action between them and the consignor, as part of the *res gestæ.*

Weinberg v. Nessel.

Memorandum.—Assumpsit. In the Circuit Court of McDonough County, on appeal from a justice of the peace; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Trial by jury; verdict and judgment for plaintiffs; error by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

*Copy of letter referred to in the opinion of the court:*

CHICAGO, ILL., Sept. 23, 1892.

Messrs. Weinberg Bros., Galesburg, Illinois.

GENTLEMEN: Your telegram was received this morning at 8:40 o'clock, although it bears date of 22d. However, our team, as usual, was over to the C., B. & Q. express, and got your calves direct from the express car as soon as switched. We are sorry to inform you that they were all sour and green throughout. When our man brought them we thought we would not be able to dispose of them at any price, but in the course of an hour we worked them all off as per enclosed ac. sales. If health officer had happened along he would have seized every one of them, as they were hair-slipped. You can not ship calves from your point to Chicago during such extreme warm and sultry weather as the present. You doubtless took these calves from the cooler, and being confined in a close express car all night, it is not surprising that they arrived in such condition. We are sorry for your loss on these, but when weather is cooler, so that you can ship to advantage, we hope to place your consignments at prices that will make you some money. We will keep you reliably advised upon the condition of our poultry market each day, and when you are shipping, favor us and you will find us obtaining best prices, correct weights, also remitting and returning coops daily.

Very respectfully,

HOUGH & SHERMAN.

M. J. DOUGHERTY and NEECE & SON, attorneys for plaintiff in error.

D. CHAMBERS and BAILY & HOLLY, attorneys for defendants in error.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The plaintiff's claim was based upon a shipment of a quantity of veal, some nineteen hundred pounds, to the defendants, for which, as was claimed, the defendants had not fully accounted to the plaintiff. The plaintiff recovered a judgment for $112.76, to reverse which the present writ of error has been prosecuted. One question, much in dispute, was whether the transaction was a sale or whether the shipment was on

commission. The plaintiff insisted it was a sale, and that the veal was in good condition. The defendants insisted that the veal was shipped to them on commission, and that it was found to be spoiling and unsalable at Galesburg, where they were doing business, and hoping to get rid of it, they shipped it to their commission dealers in Chicago, who sold it at greatly reduced prices.

The plaintiff claimed that even if defendants were merely acting as commission men, they were negligent in handling the veal and that the loss was on account of such negligence.

Hence, the jury were urged to find for plaintiff on one of two grounds: either that it was a sale, or, if a bailment, that the bailees did not use proper care, it being, of course, a necessary condition that the meat was sound and fit for shipment when plaintiff sent it to defendants. The evidence was sharply conflicting on all these questions. If it was a bailment and if the meat was sound when shipped it was very material to know whether it was properly handled by defendants; and as affecting this question the plaintiff was permitted against objection to read in evidence a letter written by Hough & Sherman, the commission dealers in Chicago, to the defendants. This letter was highly calculated to prejudice the defendants, and if improperly admitted in evidence, they have serious cause of complaint. It was written after the sale of the meat in Chicago, and was explanatory of the result. It is claimed that it was admissible as of the *res gestæ*, but we think not, and we know of no ground upon which it could be regarded as competent. For this error the judgment will be reversed and the cause remanded.